**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50457 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00345-MMM |
| v. | |
| JOSEPH BRENT RAMSEUR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and GOULD, Circuit Judges.

Joseph Brent Ramseur appeals from the district court's judgment and

challenges the 10-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ramseur contends that the district court procedurally erred by relying on unproven allegations of drug use and prior adjudicated violations relating to drug use. The record reflects that, although the district court referred to Ramseur's substance abuse issues, it did not impose sentence on that basis. Rather, the district court properly imposed sentence based on Ramseur's "abysmal" performance on supervision, including his decision to abscond for two years. *See* 18 U.S.C. § 3553(a)(1) (history of the defendant is a sentencing factor). Because the court's consideration of Ramseur's past drug use did not affect the sentence imposed, Ramseur's double jeopardy and claim and issue preclusion claims fail.

Ramseur next contends that his sentence is substantively unreasonable in light of the alleged procedural errors. The district court did not abuse its discretion in imposing Ramseur's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**